IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | Criminal Action No. 18-00213-KD-N |
| ERNESTINE ARLECIA BRAZILE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on the "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)" and memorandum of law filed by Defendant Ernestine Brazile[1] and documents in support (docs. 105, 105-1 through 105-5).[2] Upon consideration, and for the reasons set forth herein, the motion is denied.

I. Background

Brazile and two co-defendants were indicted for the offenses of conspiracy to possess with intent to distribute methamphetamine (Count One), and possession with intent to distribute

---

[1] Brazile's motion for appointment of counsel (doc. 106) is denied. Defendants have no constitutional or statutory right to appointment of counsel for motions filed under 18 U.S.C. § 3582(c). Additionally, Brazile has shown the ability to effectively set forth the facts and legal argument necessary to support her motion, and the issues raised therein are not so complex as to require appointment of counsel. See United States v. Mars, 2022 WL 1124804, at *2 (11th Cir. Apr. 15, 2022) (explaining that "equitable concerns, such as the complexity of the issues involved on appeal, may 'make the appointment of counsel appropriate to ensure a just outcome' in § 3582(c)(2) proceedings.") (quoting United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009); United States v. Rolon, 2022 WL 16959204, at *1 (11th Cir. Nov. 16, 2022) (unreported opinion) (footnote omitted) ("The only basis for appointment of counsel that Rolon asserted in his motion was his pro se status and that he was 'not versed in the complexities of the law,' but pro se status alone and lack of legal knowledge does not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is 'a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner.'") (Citation omitted).

[2] Brazile filed a copy of her medical records, proposed release plan, sentence computation, individualized needs plan, and letter to the Warden.

methamphetamine (Counts Two through Six) (doc. 1). Brazile pled guilty to Count One. On June 14, 2019, she was sentenced to a total term of 121 months with five years of supervised release to follow (doc. 99).

At present, Brazile is 58 years old, and her anticipated release date is June 7, 2027. She is incarcerated at FCI Tallahassee in Tallahassee, Florida. According to Brazile's Individualized Needs Plan, she is currently subject to a detainer by the State of Florida Department of Correction Revocation/Fugitive Unit (doc. 105-4, p. 1; doc. 105-3, p. 3).

As to Covid 19 at FCI Tallahassee, one inmate is positive, and twenty-five inmates' test results are pending. No staff members are positive, and no test results are pending. (Last visited June 7, 2023). https://www.bop.gov/coronavirus/covid19_statistics.html FCI Tallahassee is at Level One, the least restrictive operational level for Covid 19. https://www.bop.gov/locations/institutions/mem/

II. Analysis

A. Motion pursuant to 18 U.S.C. § 3582(c)(1)(A).

Generally, a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 605–606 (11th Cir. 2015). Brazile moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This statute, as amended by the First Step Act, provides that upon motion of the defendant or the Director of the Bureau of Prisons, the Court may reduce a sentence if there are extraordinary and compelling reasons which warrant a reduction, certain procedural requirements are met,[3] the relevant factors

---

[3] As to the procedural requirements, defendants may file a motion for reduction of sentence after they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days" from the warden's receipt of the request to file a motion, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Brazile provides a copy of her initial request to the Acting Warden, which is dated November 2, 2022 (doc. 105-5). Brazile's motion was signed on December 3, 2022, after the lapse of thirty (30) days. See Burke v. United States, 762 Fed. Appx. 808, 809–10 (11th Cir. 2019) ("Under the prison mailbox rule, an inmate's pro se § 2255 motion is deemed filed on the date it was delivered to prison authorities for mailing. Absent evidence to the contrary, we presume that a movant delivered his

in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence, and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Court of Appeals for the Eleventh Circuit has held that U.S.S.G. "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021). In other words, in this Circuit, the Policy Statement found at U.S.S.G. § 1B1.13 applies to motions filed by defendants.

The Policy Statement, in relevant part, provides that upon motion under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment if it determines that there are extraordinary and compelling reasons which warrant a reduction, the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction, the defendant is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g), and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. However, the district courts need not analyze the above requirements in any specific order. See United States v. Tinker, 14 F. 4th 1234, 1237-1238 (11th Cir. 2021) (per curiam). Importantly, should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction." Id. at 1238.

The Policy Statement lists four circumstances as examples of extraordinary and compelling reasons under § 3582(c)(1)(A). Specifically, the "medical condition of the defendant" such as a terminal illness. U.S.S.G. § 1B1.13(A)(i). Or the defendant is "suffering from a serious physical or medical condition, … serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care" in prison "and from which he or she is not expected to recover." Id. at cmt. n.1(A)(ii). Also, the "age of the defendant" where the "defendant (i) is at least 65 years old; (ii) is experiencing a serious

---

motion to prison authorities on the date he signed it.") (citing Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014)).

3

deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. at cmt. n.1(B). Additionally, certain "family circumstances" may provide grounds for a reduction of sentence. Id. at cmt. n.1(C). Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id.

And last, "other reasons … [a]s determined by the Director of the Bureau of Prisons, [when] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at cmt. n.1(D). Although the phrases "other than" or "other reasons" have been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" which are "beyond" those in the Policy Statement. United States v. Bryant, 996 F.3d at 248; United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022) (the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.'") (quoting United States v. Giron, 15 F. 4th at 1343, 1347 (11th Cir. 2021)). Thus, the Court is constrained by the determinations of the Director of the BOP. See Bureau of Prisons Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*. Review of Program Statement 5050.50 indicates that the Director of the BOP has determined that certain medical conditions regardless of age, i.e., terminal or debilitating medical conditions; certain medical or mental conditions affecting inmates 65 and older who have served at least 50% of their sentence; and certain family circumstances involving the death or incapacitation of the caregiver of the inmate's minor children, or disabled spouse or registered partner, may, if other conditions are met, constitute grounds for relief.

Brazile appears to rely upon Application Note 1(A)(ii) and 1(D). She argues that extraordinary and compelling reasons for compassionate release exist because she "suffers from multiple comorbidities, and in light of Covid-19, poses an extremely high risk" of illness and because she

> is a 57 years old, elderly female who health continues to deteriorate, due to her ongoing kidney failure coupled with her other comorbidities such a Type 2 Diabetes, Primary Hypertension, Prolapsed Bladder, Fluid Retention, and Vitamin D Deficiency. On top of those ailments, her BMI exceeds nearly 40, putting her at a even greater risk according to CDC guidelines. Ms. Brazile is unable to self care 100% within her environment, in addition to her housing institution not be fully medically staffed and equipped to provide continuous, prompt care. She is bedridden over 50% of her waking hours.[4]

(Doc. 105, p. 5) (*sic*).

In October 2022, and relevant to Brazile's allegations of medical conditions, she was assessed with "chronic kidney disease, stage 2 (mild)" and "very minimal renal insufficiency" (doc. 105-1, p. 3-4). There is no mention of kidney failure. She was assessed with, and takes medication for, "essential (primary) hypertension", "hyperlipidemia, unspecified", a Vitamin D deficiency, "persistent depressive disorder", "low back pain" and "unspecified osteoarthritis", (Id., p. 3-5). She was also assessed with "bilateral bunions" and "sleep terrors [night terrors]" (doc. 105-1, p. 3). She was not assessed with prolapsed bladder, fluid retention or Type 2 Diabetes (doc. 105-1, p. 3). At her October 31, 2022 examination, the examiner noted that Brazile was a "well-developed, well-nourished inmate who is awake, alert, and in no acute distress" and that she had "full, normal range of motion. No gross deformity." (Id., p. 3). At her previous examination on October 4, 2022, Brazile had complained of back pain at level 5, which appears to have resolved by the October 31, 2022 examination.

---

[4] Brazile is 5'4" tall and weighed 228 pounds as of October 2022 (doc. 105, p. 5). Her Body Mass Index was 39.1. According to the Centers for Disease Control and Prevention, she is obese. https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html

Brazile's Individualized Needs Plan indicates that as of July 1, 1022, her "Current Work Assignments" was the "Call Center" and her "Current Care Assignments" was "Care1 Healthy or simple chronic care" and "Care1-Mental Health" (doc. 105-4, p. 2). Her "Current Medical Duty Status Assignments" were "Covid 19 recovered", "Lower bunk required", "Orthopedic disability", Regular duty w/med restriction", "Soft shoes only" and "Cleared for food service." (Id.). The nature of her "orthopedic disability" is not described. (Id.). As to her "Progress since last review", Brazile "maintained clear conduct …, obtained a work assignment in UNICOR" and enrolled in several programs (Id., p. 3).

Since Congress specifically stated that a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the applicable Policy Statements and the Eleventh Circuit has specifically held that U.S.S.G. § 1B1.13 is an applicable Policy Statement, <u>United States v. Bryant</u>, 996 F. 3d at 1262, this Court is without authority to disregard the Policy Statement's plain language. As the movant, Brazile has the burden to show extraordinary and compelling reasons for compassionate release which are consistent with the Policy Statement. However, her allegations that she is confined to bed at least 50% of the time and cannot provide self-care in prison, are not supported by her medical records or any other evidence. To the contrary, her records indicate that even though she has been diagnosed with several medical conditions, none appear to substantially diminish her ability to provide self-care in the prison environment and are controlled with medication. At her most recent medical visit, the examiner noted that she was a "well-developed, well-nourished inmate who is awake, alert, and in no acute distress" and that she had "full, normal range of motion. No gross deformity" (doc. 105-4, p. 3). Brazile's "Current Medical Duty Status Assignments" do not include bed rest (Id., p. 2), her "Current Work Assignments" indicate she has a job in the Call Center (Id.), and her "Current Care Assignments" was "Care1 Healthy or simple chronic care" (Id.).

A reduction of sentence based upon Brazile's medical conditions standing alone or in combination with a possible increased risk of severe illness should she contract Covid 19 would

not be consistent with Application Note 1(A) and 1(D) in the Policy Statement because there is no evidence that these conditions substantially diminish her ability to provide self-care in prison. See Policy Statement U.S.S.G. § 1B1.13, cmt n. (1)(A)(ii) & 1(D); United States v. Butler, No. 22-12210, 2023 WL 2857240, at *2 (11th Cir. Apr. 10, 2023) ("Never has Butler asserted -- and nothing evidences -- that his anxiety [during the Covid 19 pandemic] or any other medical condition has diminished substantially his ability to provide self-care while in prison.") (Footnote omitted); United States v. White, No. 21-11145, 2022 WL 3698371, at *2 (11th Cir. Aug. 26, 2022) (affirming denial of compassionate release, explaining in part that the defendant "failed to show that Covid-19 and his varicose veins substantially diminished his ability to provide self-care in prison.") (Citing U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)); United States v. Miller, 2023 WL 1876351 (11th Cir. 2023) (affirming denial of compassionate release where defendant argued that his obesity, prediabetes, and hypertension placed him at increased risk for complications should he contract Covid 19, and the district court found that defendant failed to "show that his medical conditions substantially diminished his ability to engage in self-care"); United States v. Wedgeworth, 837 F. App'x 738, 739–740 (11th Cir. 2020) (affirming denial of compassionate release based upon decision that defendant's obesity and chronic hypertension, were not terminal and did not "substantially diminish" her "ability to provide self-care" despite defendant's argument that her medical conditions increased her risk of serious illness should she contract Covid 19); United States v. Mesa, No. 16-CR-20715, 2023 WL 2045752, at *4 (S.D. Fla. Feb. 16, 2023) (acknowledging that according to the Centers for Disease Control and Prevention, obesity and hypertension placed defendant at an increased risk of severe Covid 199 illness, but finding that "in keeping with § 1B1.13, in order for Mesa's medical conditions to provide justification for compassionate release, the Court must find that Mesa is either suffering from a terminal illness, or that his serious physical or medical conditions, or serious functional or cognitive impairments, substantially diminish his ability to provide self-care and from which he is not expected to recover" but the record did "not support either finding") (footnote omitted).

The Eleventh Circuit has explained that if a defendant's circumstances do not meet any of the reasons in Application Notes 1(A) through (D) in the Policy Statement, then he or she is ineligible for consideration of a reduction. United States v. Bryant, 996 F.3d at 1254. Thus, the Court need not consider whether the factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction or whether Brazile's release would not pose a danger to other persons, or the community, as provided in 18 U.S.C. § 3142(g). United States v. Tinker, 14 F. 4th at 1238 (failure to make a showing on any one requirement, "would foreclose a sentence reduction.").

III. Conclusion

Accordingly, for the reasons set forth herein, Brazile's motion is denied.

**DONE** and **ORDERED** this 8th day of June 2023.

>　　　　　　　　　　　　　　　　s / Kristi K. DuBose
>　　　　　　　　　　　　　　　　**KRISTI K. DuBOSE**
>　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**